```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
RAUL MORENO, Individually, and on behalf of
all others Similarly Situated,

                            Plaintiff,              ORDER
            -against-                                12 CV 5324 (DRH) (AKT)

NASSAU COUNTRY CLUB and JIM COFFEY,

                            Defendants.
----------------------------------------------------------------X
```

**HURLEY, Senior District Judge:**

Raul Moreno ("plaintiff") commenced this action against Nassau Country Club and Jim Coffey ("defendants") to recover unpaid overtime compensation pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Pending before the Court is the parties' joint request that the Court approve the parties' FLSA Settlement Agreement ("Settlement Agreement") and so order the parties' Stipulation of Dismissal with Prejudice ("Stipulation of Dismissal"). For the reasons stated below, the parties' request is denied at this time.

"[A]n employee may not waive or otherwise settle an FLSA claim for unpaid wages for less than the full statutory damages unless the settlement is supervised by the Secretary of Labor or made pursuant to a judicially supervised stipulated settlement." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012); *accord Joo v. Kitchen Table, Inc.*, 763 F. Supp. 2d 643, 644 (S.D.N.Y. 2011). Thus, "[s]tipulated settlements in a FLSA case must be approved by the Court in the absence of the direct supervision of the Secretary of Labor." *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, 2010 WL 2545439, at *3 (E.D.N.Y. May 17, 2010) (report and recommendation),

*adopted by* 2010 WL 2545472 (E.D.N.Y. June 18, 2010). In determining whether to approve an FLSA settlement, courts must scrutinize the agreement to determine whether it is fair and reasonable. *Wolinksy*, 900 F. Supp. 2d at 335. After reviewing the parties' Settlement Agreement, there are two issues preventing the Court from granting the relief sought.

First, is the existence of a confidentiality provision (paragraph 2(g)) in the Settlement Agreement. The parties have not made the necessary showing of the need for the terms of their settlement to contain a confidentiality provision. "Although in many–if not most–cases, a settlement agreement would not qualify as a 'judicial document,' settlement agreements in FLSA cases are different because of the requirement for judicial approval." *Wolinksy*, 900 F. Supp. 2d at 337. "Because judicial approval is required for settlement under the FLSA, settlement agreements in FLSA cases are judicial documents to which a presumption of public access applies." *Martinez v. Ragtime Foods of N.Y., Inc.*, 2011 WL 5508972, at *1 (E.D.N.Y. Nov. 10, 2011). Indeed, "there is a strong presumption in favor of keeping settlement agreements in FLSA wage-settlement cases unsealed and available for public view." *Hens v. Clientlogic Operating Corp.*, 2010 WL 4340919, at *2 (W.D.N.Y. Nov. 2, 2010) (internal quotation marks and citations omitted). Notwithstanding the parties' desire to keep the terms of the Settlement Agreement confidential, the mere fact that confidentiality is essential to the agreement is insufficient to overcome the presumption. *See, e.g.*, *Wolinski*, 900 F. Supp. 2d at 338 ("[T]he mere fact 'that the settlement agreement contains a confidentiality provision is an insufficient interest to overcome the presumption that an approved FLSA settlement agreement is a judicial record, open to the public'" (quoting *Joo*, 763 F. Supp. 2d at 648)).

Because "confidentiality *contravenes* the legislative intent of the FLSA," *Bouzzi v. F & J Pine Restaurant, LLC*, 841 F. Supp. 2d 635, 640 (E.D.N.Y. 2012), "several District Courts in this

Circuit have banned confidentiality provisions in stipulated settlement agreements for FLSA actions" *Mosquera v. Masada Auto Sales, Ltd.*, 2011 WL 282327, at *1 (E.D.N.Y. Jan. 25, 2011); s*ee also Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010) ("By including a confidentiality provision, the employer thwarts the informational objective of the [FLSA] notice requirement by silencing the employee who has vindicated a disputed FLSA right."). Thus, "the parties must make a substantial showing of a need for the terms of their settlement to contain a confidentiality provision [ ] to overcome the factors weighing in favor of public access." *Mosquera*, 2011 WL 282327, at *2. In this case, the parties have not attempted to make such a showing.

Second, the Court is unable to scrutinize the fairness and reasonableness of the attorney's fee award (paragraph 4(b)(i)) contained in the Settlement Agreement. The parties merely provide that plaintiff's counsel will be paid $4,000.00 as compensation for attorney's fees and costs. This is insufficient for the Court to find that the proposed attorney's fees award is fair and reasonable. *See Wolinsky*, 900 F. Supp. 2d at 336 ("To aid a court in determining the reasonableness of proposed attorney's fees, counsel must submit evidence providing a factual basis for the award."); *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009) ("FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement.").

Accordingly, the parties may proceed as follows:

(1) The parties may file a revised, signed settlement agreement for Court approval that:
    a. does not include a confidentiality provision or attorney's fee award, together with a signed stipulation of dismissal to be so ordered by the Court; or
    b. contains a confidentiality provision and/or an attorney's fee award, and provide the Court with support for their position(s) that the included confidentiality

>provision and/or attorney's fee award is appropriate and reasonable, together with a signed stipulation of dismissal to be so ordered by the Court;

>The Court notes that the parties' Settlement Agreement does not address plaintiff's NYLL claims. Thus, should the parties choose to file a revised, signed settlement agreement together with a signed stipulation of dismissal, the parties are also directed to clarify whether the settlement agreement encompasses all of plaintiff's claims, including his NYLL claims; [1] or

>(2) The parties may file a letter indicating their intention to abandon their settlement and continue to litigate this action.

The parties must take one of the above-mentioned actions by October 28, 2013.

**SO ORDERED.**

Dated: Central Islip, New York
September 26, 2013

                                                                                                                                         /s/
                                                Denis R. Hurley
                                                Unites States District Judge

---

[1] The Court also notes that the Settlement Agreement and Stipulation of Dismissal filed on September 18, 2013 are both unsigned. However, the Court cannot so order an unsigned stipulation of dismissal. Hence, if the parties elect to file a revised settlement agreement and stipulation of dismissal for the Court's review and approval, the filed documents must be signed by the parties in advance.